# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 09-605V
Filed: January 17, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * * *
A.K.,                              *
                                   *
                  Petitioner,      *
                                   *          Special Master Dorsey
v.                                 *
                                   *
SECRETARY OF HEALTH                *          Stipulation; hepatitis B vaccine;
AND HUMAN SERVICES,                *          inflammatory arthritis.
                                   *
                  Respondent.      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REDACTION[1]

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., for Petitioner;
Althea W. Davis, U.S. Department of Justice, Washington, D.C., for Respondent.


Petitioner sought compensation under the National Childhood Vaccine Act ("Vaccine Act") for the inflammatory arthritis she allegedly suffered as a result of hepatitis B vaccines, which she received on October 13, 2005, November 17, 2005, and September 21, 2006. On August 16, 2012, Special Master Christian J. Moran issued a decision awarding petitioner compensation pursuant to the parties' stipulation. A.K. v. Sec'y of Health & Human Servs., No. 09-605V (Fed. Cl. Spec. Mstr. Aug. 16, 2012) ("Decision").

On August 30, 2012, petitioner filed a timely motion for redaction of her medical information from the Decision, see Vaccine Rule 18(b), on the grounds its publication constitutes an unwarranted invasion of her privacy. Mot. for Redaction, filed Aug. 30, 2012, at 1. In the alternative, petitioner requests "this court to adopt the reasoning set forth in Langland v. Sec'y of HHS and redact [her] name from the decision and substitute her initials." Id. at 2.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On September 21, 2012, respondent filed a response to petitioner's motion for redaction. Respondent objects to the redaction of both petitioner's name and her medical condition. Respondent argues petitioner's reliance on Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011) is "misplaced . . . and does not support her request for redaction of her name." Resp't Resp. at 2. Respondent argues Langland is distinguishable because in that case the petitioners represented their minor child and, although the special master granted petitioners' request to redact the child's name to the child's initials, the special master denied the petitioners' request to redact their names and other identifying information. Id. (citing Langland, 2011 WL 802695, at *1). Thus, according to respondent, petitioner's name should not be redacted from the Decision. Id.

Respondent argues petitioner has failed to provide a "sufficient basis for redaction of the information [in the Decision] regarding her medical condition." Id. at 3. Petitioner requests redaction of information regarding her medical condition because its availability "to potential future employers . . . would adversely affect [her] candidacy." Pet'r Aff. at 1. Respondent argues this perceived harm is "speculative" and does not justify redaction of information concerning her medical condition because "concerns that a potential future employer may illegally discriminate against her because of information in the Decision is not addressed under the Vaccine Program; rather, such problems would be addressed under pertinent employment laws." Resp't Resp. at 3.

For the following reasons, petitioner's request is GRANTED in part and DENIED in part.

The Vaccine Act permits redaction upon request of medical information which would constitute a "clearly unwarranted invasion of privacy" if disclosed. 42 U.S.C. § 300-12(d)(4)(B)(ii). "Under the plain provisions of the Vaccine Act . . . a special master's discretion to order redaction is . . . limited . . . [to redaction of] the information described in section 12(d)(4)(B)." Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). Section 12(d)(4)(B)(ii) provides information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." What constitutes a "clearly unwarranted invasion of privacy" requires a balance of petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011).

Petitioner seeks redaction of either her medical condition or her name from the Decision. "The release of either of these types of information would constitute a substantial invasion of privacy . . . [,which] 'becomes significant when the personal information is linked to particular [people].'" Id. (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 176 (1991)). Thus, redaction of either petitioner's name would be necessary to prevent her being "linked" to information about her medical condition. Id.

Petitioner has a rational concern that disclosure of her medical information may adversely affect her future employment prospects. Because of the "notable public interest in [petitioner's] vaccination . . . and claim of an adverse reaction," this information should not be redacted. Id. However, because "there is no public interest in the disclosure of [petitioner's] name" and her

"identity has no effect on the public's awareness of vaccines and their potential risk," her name may be redacted to protect her privacy.  Id. (quoting Fed. Labor Relations Auth. v. U.S. Dep't of Veterans Affairs, 958 F.2d 503, 513 (2nd Cir. 1991) (where "[t]here is no relevant public purpose to be weighed against [a] threatened invasion [,] . . .  any invasion of privacy threatened by disclosure  . . . is 'clearly unwarranted.'").

Accordingly, petitioner's request for redaction of her name is GRANTED.  Petitioner's name shall be redacted to her initials in the Decision and this order.  Petitioner's request that all information regarding her medical condition be redacted is DENIED.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master